UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FRIENDS OF THE EAST FORK and
FISH FIRST,

    Plaintiffs,

v.

ROBERT LOHN, et al.,

    Defendants.

CASE NO. C05-189JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on Plaintiffs' Motion to Supplement the Record (Dkt. # 24). Having considered all of the papers filed in connection with the motion, the court GRANTS in part and DENIES in part Plaintiffs' motion, admitting Exhibits A, B, C, E, and J, and excluding Exhibits F and G.

## II. BACKGROUND

In April 2004, Defendants National Marine Fisheries Service and United States Fish and Wildlife Service issued two incidental take permits ("ITPs") under the Endangered Species Act ("ESA") for activities conducted at J.L. Storedahl & Sons' ("Storedahl") Daybreak Mine along the East Fork of the Lewis River in Clark County, Washington. The ITPs authorize Storedahl's incidental take of four species listed as threatened under the ESA while mining, processing, and performing restoration work as

ORDER – 1

part of the Daybreak Mine Expansion and Habitat Enhancement Project. The ITPs are based upon an ESA habitat conservation plan ("HCP") and supported by a final environmental impact statement prepared under the National Environmental Policy Act ("NEPA").

In January 2005, Plaintiffs filed suit against Defendants alleging violations of the ESA, NEPA, and the Administrative Procedures Act. Defendants filed the administrative record, and Plaintiffs now move to supplement the record with nine letters from the Washington State Department of Natural Resources ("WDNR") and excerpts from the Lower Columbia Fish Recovery Board's 2004 Interim Habitat Strategy. Plaintiffs have since withdrawn their request to supplement the record with Exhibits D, H, and I as they are already contained in the record. Further, Defendants do not contest Plaintiffs' Motion to Supplement the Record with Exhibits A, B, and E. Accordingly, the court will limit its review to Exhibits C, F, G, and J.

### III.  DISCUSSION

**A.  Legal Standard**

As a general rule, courts reviewing an agency decision are limited to the administrative record. "[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." Camp v. Pitts, 411 U.S. 138, 142 (1973). However, narrow exceptions to this general rule permit district courts to admit extra-record evidence

> (1) if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) if the agency has relied on documents not in the record, (3) when supplementing the record is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith.

Lands Council v. Powell, 395 F.3d 1019, 1030 (9th Cir. 2005) (internal quotations omitted) (citing Southwest Ctr. for Biological Diversity v. U.S. Forest Serv., 100 F.3d

ORDER – 2

1443, 1450 (9th Cir. 1996)). The courts construe these exceptions narrowly to prevent the exceptions from undermining the general rule. Id.

**B.     Plaintiff's Motion to Supplement the Administrative Record**

    **1.     Exhibit C**

Exhibit C is a letter from WDNR to West Consultants, Inc, who Storedahl hired to prepare the geomorphic analysis component of Defendants' HCP. The letter discusses WDNR's general comments on a draft version of the geomorphic analysis report and includes written comments made on enclosed pages excerpted from the report. Defendants oppose supplementing the record with draft documents that were later presented to the decisionmaker in final form. However, the letter does not attempt to submit the full report, only the actual pages of the report with written comments made by WDNR. The specific comments on those pages support the general comments submitted in the letter. Given that the comments were provided on a geomorphic analysis which later comprised the Defendants' HCP, the comments are closely connected to Defendants' issuance of the ITPs. Therefore, the court admits Exhibit C to allow a determination of whether the agency considered all of the relevant factors and has explained its decision. Id.

    **2.     Exhibits F and G**

Exhibits F and G are letters from WDNR to Storedahl regarding a revised reclamation plan for Storedahl's mining permit. Exhibit F orders Storedahl to submit a revised reclamation plan, and Exhibit G places a hold on the order pending a decision on the related HCP. Plaintiffs seek to supplement the record with these letters because the record contains an email from WDNR discussing the status of the Storedahl reclamation permit. Yet, the Ninth Circuit has cautioned that the exceptions allowing supplementation of an administrative record "are narrowly construed and applied." Id.

ORDER – 3

1 The record already contains the email message discussing the status of Storedahl's reclamation permit.  Even though Exhibits F and G "'might have supplied a fuller record' they do not 'address issues not already there.'"  <u>Southwest Ctr.</u>, 100 F.3d at 1451 (citing <u>Friends of the Earth v. Hintz</u>, 800 F.2d 822, 829 (9th Cir. 1986)).  Thus, the court excludes Exhibits F and G.

### 3. **Exhibit J**

Exhibit J consists of excerpts from the 2004 Interim Habitat Strategy developed by the Lower Columbia Fish Recovery Board.  Defendants acknowledge that the April 1, 2004 Biological Opinion incorporated some of the information contained in the 2004 Interim Habitat Strategy.  Defs.' Resp. at 9.  Despite being contained in a pre-decisional draft, it is apparent that the National Marine Fisheries Service relied in part on information from a document not included in the current administrative record.  Therefore, the court admits Exhibit J to allow a determination of whether the agency has considered all of the relevant factors and has explained its decision.  <u>Lands Council</u>, 395 F.3d at 1030.  Accordingly, the court grants Defendants' request to supplement the record with all relevant drafts of the 2004 Interim Habitat Strategy and the Lower Columbia Salmon Recovery and Fish & Wildlife Subbasin Plan to the extent that those materials were relied upon in drafting the documents at issue in this case.

## IV.  CONCLUSION

For the reasons stated above, the court GRANTS in part and DENIES in part Plaintiffs' Motion to Supplement the Record (Dkt. # 24).

Dated this 11th day of August, 2005.

_____
JAMES L. ROBART
United States District Judge

ORDER – 4